1  G. WHITNEY LEIGH (SBN 153457)
   GONZALEZ & LEIGH LLP
2  Two Shaw Alley, Third Floor
   San Francisco, CA 94105
3  Telephone: (415) 512-2000
   Facsimile:  (415) 512-2001

4
   JUAN ENRIQUE PEARCE (SBN 236228)
5  PEARCE LAW OFFICES
   530 Jackson Street, Second Floor
   San Francisco, CA  94133
6  Telephone: (415) 434-9000
   Facsimile:  (415) 434-9010
7

8  Attorneys for Plaintiff
   KIMBERLEA MCMANIGAL

9

   DAVID F. FAUSTMAN (SBN 81862)
10 FOX ROTHSCHILD
   235 Pine Street, Suite 1500
11 San Francisco, CA 94104
   Telephone: (415) 364-5540
12 Facsimilie: (415) 391-4436

13 Attorneys for Defendants
   MEDICIS PHARMACEUTICAL
14 CORPORATION and
   ROBERT NEVIN

15

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18 KIMBERLEA MCMANIGAL, *et al.*,         Case No.  C 07-04874 TEH

19            Plaintiff(s),

20       v.                              **JOINT CASE MANAGEMENT
                                         STATEMENT FEDERAL RULE 26(f)
21 MEDICIS PHARMACEUTICAL               REPORT AND [PROPOSED] ORDER**
   CORPORATION, a Delaware corporation,
22 *et al.*,

23            Defendants.

24

25

26

27       The parties to the above-entitled action jointly submit this Case Management Statement and

28 Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1

JOINT CASE MANAGEMENT STATEMENT                          *McManigal v. Medicis*
AND [PROPOSED] ORDER                                     Case No. C 07-04874 TEH

1    1.    A brief description of the events underlying the action:

2    Plaintiff Kimberlea McManigal ("McManigal") alleges that she worked for Medicis

3 Pharmaceutical Corporation, Inc. ("Medicis") as a Territory Manager beginning August 8, 2005. She

4 further alleges that in January 2007, she announced her pregnancy and her intention to take maternity

5 leave beginning on or around June 2007. Ms. McManigal also alleges that she was subjected to

6 discriminatory and harassing comments based on her sex made by Medicis management, including her

7 direct supervisor Robert Nevin ("Levin"). Ms. McManigal further alleges that she reported this

8 treatment to the Human Resources Department at Medicis, but that no investigation took place.

9    Medicis denies Ms. McManigal's claims. Medicis further alleges that Ms. McManigal

10 accepted an agreement to arbitrate employment disputes.

11    2.    The principal factual issues which the parties dispute.

12    Ms. McManigal believes that the following factual contentions are in dispute:

13    a)    Does Medicis have a policy or protocol regarding pregnant employees that

14 disadvantages those employees in any manner?

15    b)    What were the objective criteria used to measure Ms. McManigal's job performance?

16    c)    What actions did Medicis take toward Ms. McManigal after she reported

17 discriminatory and harassing behavior to Human Resources?

18    d)    How did Medicis react when Ms. McManigal alleged to Human Resources that her

19 direct supervisor Robert Nevin was discriminating and harassing her based on her sex?

20    e)    What corrective action did Medicis take regarding Ms. McManigal's complaints of sex

21 discrimination and harassment?

22    f)    What were the circumstances surrounding Ms. McManigal's bonus pay after she

23 informed Medicis of her pregnancy?

24 Medicis believes that the following factual contentions are in dispute:

25    g)    Whether Ms. McManigal was subjected to any "harassment" or "discriminatory"

26 treatment and whether Ms. McManigal suffered any damage therefrom.

27    3.    The principal legal issues which the parties dispute.

28    Ms. McManigal believes that the following legal issues are in dispute:

- 2 -

a)    Is Ms. McManigal required to arbitrate her claims based upon a mandatory arbitration provision to a contract to which she never signed or otherwise entered into?

Medicis believes that the following legal issues are in dispute:

a)    Is Ms. McManigal required to arbitrate her claims based upon a mandatory arbitration provision in a contract which was validly offered and accepted, and for which sufficient consideration was presented?

b)    Does Ms. McManigal have a viable claim of sex discrimination against Medicis?

c)    Does Ms. McManigal have a viable claim of harassment against Medicis or Nevin?

d)    Does Ms. McManigal have a viable claim against Medicis for failure to take corrective action?

e)    Does Ms. McManigal have a viable claim against Medicis or Nevin for intentional infliction of emotional distress?

f)    Is Ms. McManigal entitled to damages or other relief?

4.    The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:  None.

5.    The parties which have not been served and the reasons:  None.

6.    The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:  None.

7.    The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:  Neither party.

**ALTERNATIVE DISPUTE RESOLUTION**

8.    *[Please indicate (the appropriate response(s).)*

☐    The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)* _____.

☐    The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process)*; _____.

☐    The parties filed a Notice of Need for ADR Phone Conference.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER

*McManigal v. Medicis, et al.*
Case No. c 07-04874 TEH

1    ☒    The parties have not filed a Stipulation and Proposed Order Selecting an ADR

2    process and the ADR process that the parties jointly [or a party separately

3    requests] is an Early Neutral Evaluation.  Defendants will file a petition for an

4    order compelling arbitration and a motion to stay the action pending arbitration

5    by January 14, 2008.

## DISCLOSURES

7    9.    The parties certify that they will disclose the witnesses and documents believed to

8    support their respective claims or defenses, damage computations and insurance agreements.  These

9    disclosures will be completed by January 14, 2008.

## DISCOVERY

11    10.    The parties agree to the following discovery plan:

12    The parties have met and conferred pursuant to this Court's scheduling order and Federal Rule

13    26(f).  Subject to the Court's approval, the parties have stipulated to defer on agreeing to a discovery

14    plan until after this Court rules on Defendants' Petition for Order Compelling Arbitration and Motion

15    to Stay Action Pending Arbitration, which will be filed no later than January 14, 2008.

## TRIAL SCHEDULE

17    11.    Subject to the Courts' approval, the parties have stipulated to defer on agreeing to a

18    trial date and case management schedule until after obtaining a ruling from this Court on Defendants'

19    Motion to Compel Arbitration.

20    12.    The parties expect that the trial will last for the following number of days:  7-10 days.

DATED:  January 10, 2008                        Respectfully Submitted,

GONZALEZ & LEIGH, LLP


By    /s/G. Whitney Leigh
        G. WHITNEY LEIGH
        Attorneys for Plaintiff
        KIMBERLEA MCMANIGAL

- 4 -

1   DATED:  January 10, 2008                    PEARCE LAW OFFICES

2

3                                               By /s/ Juan Enrique Pearce
                                                    Juan Enrique Pearce
4                                                   Attorneys for Plaintiff
                                                    KIMBERLEA MCMANIGAL
5

6
    DATED:  January 10, 2008                    FOX ROTHSCHILD
7

8
                                                By /s/David F. Faustman
9                                                   David F. Faustman
                                                    Attorneys for Defendants
10                                                  MEDICIS PHARMACEUTICAL
                                                    CORPORATION AND ROBERT NEVIN
11

12                  **[PROPOSED] CASE MANAGEMENT ORDER**

13          On January 14, 2008, the parties appeared before the Court for a Case Management

14   Conference.  Based on the parties' Joint Case Management Statement, and the discussions held at the

15   Case Management Conference.

16          IT IS HERE BY ORDERED that the case management conference and the determination of

17   discovery and trial schedules be continued to a date and time until after this Court rules on the

18   Defendants' Petition for Order Compelling Arbitration and Motion to Stay Action Pending

19   Arbitration.

20   DATED: _____     _____
                                                    HON. THELTON E. HENDERSON
21                                                  UNITED STATES DISTRICT COURT JUDGE

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT                          *McManigal v. Medicis, et al.*
AND [PROPOSED] ORDER                                     Case No. c 07-04874 TEH