G. WHITNEY LEIGH (SBN 153457)
BRIAN BRAZIER (SBN 245004)
GONZALEZ & LEIGH LLP
Two Shaw Alley, Third Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

JUAN ENRIQUE PEARCE (SBN 236228)
PEARCE LAW OFFICES
530 Jackson Street, Second Floor
San Francisco, CA 94133
Telephone: (415) 434-9000
Facsimile: (415) 434-9010

Attorneys for Plaintiff
KIMBERLEA MCMANIGAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KIMBERLEA MCMANIGAL, an individual, Plaintiffs, v. MEDICIS PHARMACEUTICAL CORPORATION, a Delaware corporation, ROBERT NEVIN, an individual, Defendants. | Case No. 3:07-CV-04874 TEH **DECLARATION OF G. WHITNEY LEIGH IN SUPPORT OF OPPOSITION TO MOTION FOR ORDER COMPELLING ARBITRATION AND DISMISSING THE ACTION, OR ALTERNATIVELY, STAYING ACTION** |
|---|---|

I, G. Whitney Leigh, declare as follows:

1. I am a partner at the law firm of Gonzalez & Leigh, LLP, counsel of record for Plaintiff Kimberlea McManigal in this Action. I make this declaration of my own personal knowledge and, if called to testify as a witness, I could testify competently to the matters set forth herein.

2. On September 27, 2007, I had a telephone conversation with Defendants' counsel, Cristina K. Olivella, in which I informed her that Plaintiff had not entered into the Stock Incentive plan, as Defendants claimed. I requested that Defendants provide evidence to support the claim that Plaintiff was party to the Stock Incentive Plan.

3. In response, I received a letter from Ms. Olivella dated September 27, 2007, where she stated that "the arbitration agreement signed by your client was signed electronically." Appended to the letter was a partially filled-in spreadsheet that Defendants allege shows that Plaintiff entered into the Agreement on February 5, 2007. This spreadsheet represents the only documentation that has been provided to date, that Defendants claim shows that Plaintiff entered into the Stock Incentive Plan on February 5, 2007. Defendants have never attempted to authenticate this spreadsheet in any manner whatsoever.

4. At no time have Defendants produced any documentation bearing Plaintiff's signature—written or electronic—that demonstrates that Plaintiff entered into the Stock Incentive Plan.

5. The Stock Incentive Plan requires Plaintiff to incur additional expenses that she would not otherwise be forced to pay if she were to proceed with this Action in Court. Section C(10) of this agreement provides an arbitration clause that calls for: 1) arbitration of all claims in Arizona, and 2) requires Plaintiff to, "pay an amount equivalent to the filing fee in Arizona District Court, plus one-half of the expense of the transcript, and any other amounts deemed fair and reasonable by the arbitrator."

Executed on February 4, 2007 at San Francisco, California. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

/s/ G. Whitney Leigh
G. WHITNEY LEIGH