```
 1  G. WHITNEY LEIGH (SBN 153457)
    GONZALEZ & LEIGH LLP
 2  Two Shaw Alley, Third Floor
    San Francisco, CA 94105
 3  Telephone: (415) 512-2000
    Facsimile:  (415) 512-2001
 4
    JUAN ENRIQUE PEARCE (SBN 236228)
 5  PEARCE LAW OFFICES
    530 Jackson Street, Second Floor
 6  San Francisco, CA  94133
    Telephone: (415) 434-9000
 7  Facsimile:  (415) 434-9010

 8  Attorneys for Plaintiff
    KIMBERLEA MCMANIGAL
 9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEA MCMANIGAL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICIS PHARMACEUTICAL CORPORATION, a Delaware corporation, ROBERT NEVIN, an individual,<br><br>Defendants. | Case No.  C 07-04874 TEH<br><br>OBJECTIONS AND MOTION TO STRIKE<br><br>Date:   February 25, 2008<br>Time:   10:00 a.m.<br>Courtroom:  12, 19th Floor<br><br>Complaint filed:  July 23, 2007 |

Plaintiff Kimberlea McManigal, hereby objects to and moves to strike allegations contained in the Declaration of Debi Heileman, filed in support of Defendants' Medicis Pharmaceutical Corporation and Robert Nevin's motion to compel arbitration.

As more fully explained below, Ms. Heileman's declaration fails entirely to provide requisite foundation for the allegations contained within the declaration. The allegations constitute inadmissible hearsay under Rules 801, 802 and 901 of the Federal Rules of Evidence. Relatedly, Ms. Heileman's declaration fails to provide any foundation to authenticate the documents attached to the declaration as evidence of Ms. McManigal's receipt of, electronic signature to, or assent to an arbitration agreement. The declaration provides no competent evidence of Ms.

McManigal's assent to the agreement, and provides no competent evidence to attribute to her any electronic signature on an arbitration agreement, as required under Rules 801, 802, 901 and 1001 of the Federal Rules of Evidence, California Civil Code Section 1633.9 and Northern District Civil Local Rule 7-5. In order to preserve an evidentiary objection, a party must either move to strike the affidavit or otherwise lodge an objection with the district court. *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1003 (9th Cir. 2002).

| Statement Objected To | Grounds for Objections and Reasons Why Statement should be Stricken |
|---|---|
| Medicis offered to grant an award of restricted stock under the Medicis 2004 Stock Incentive Plan ("Restricted Stock Agreement" or "Agreement") to Kimberlea McManigal through the company's Charles Schwab webpage.<br><br>Heileman Decl. ¶ 2. | Fed. Rules of Evidence 801, 801, 901. Heileman's declaration provides no competent evidence to support this contention, which is inadmissible hearsay and lacks foundation. To the extent that this contention is offered to support defendants' contention that Ms. McManigal received and/or agreed to an arbitration agreement, it lacks authenticity, foundation or reliability as required by Rules 1001 and 1002 of the Federal Rules of Evidence, California Civil Code Section 1633,9 and Northern District Civil Local Rule 7-5. |
| In consideration of the grant of stock award, the Restricted Stock Agreement included a provision for a mandatory arbitration of claims under the Agreement.<br><br>Heileman Decl. ¶ 2. | Fed. Rules of Evidence 801, 801, 901. Heileman's declaration provides no competent evidence to support this contention, which is inadmissible hearsay and lacks foundation.<br><br>To the extent that this contention is offered to support defendants' contention that Ms. McManigal received and/or agreed to an arbitration agreement, it lacks authenticity, foundation or reliability as required by Rules 1001 and 1002 of the Federal Rules of Evidence, California Civil Code Section 1633,9 and Northern District Civil Local Rule 7-5. Fed. Rules of Evidence 801, 802, 901; Northern District Civil Local Rule 7-5. |
| The Schwab webpage allowed Ms. McManigal the opportunity to accept the Agreement electronically by clicking an "accept" button at the bottom of the webpage.<br><br>Heileman Decl. ¶ 2. | Fed. Rules of Evidence 801, 801, 901. Heileman's declaration provides no competent evidence to support this contention, which is inadmissible hearsay and lacks foundation.<br><br>To the extent that this contention is offered to support defendants' contention that Ms. McManigal received and/or agreed to an arbitration agreement, it lacks authenticity, foundation or reliability as required by Rules 1001 and 1002 of the Federal Rules of |

| | |
|---|---|
| | Evidence, California Civil Code Section 1633.9 and Northern District Civil Local Rule Rule 7-5. Fed. Rules of Evidence 801, 802, 901; Northern District Civil Local Rule 7-5. |
| Attached hereto as Exhibit 1 is a true and correct copy of the electronic form Restricted Stock Agreement (the "Agreement").<br><br>Heileman Decl. ¶ 2. | Fed. Rules of Evidence 801, 801, 901. Heileman's declaration provides no competent evidence to support this contention, which is inadmissible hearsay and lacks foundation.<br><br>To the extent that this contention is offered to support defendants' contention that Ms. McManigal received and/or agreed to an arbitration agreement, it lacks authenticity, foundation or reliability as required by Rules 1001 and 1002 of the Federal Rules of Evidence, California Civil Code Section 1633.9 and Northern District Civil Local Rule 7-5. Fed. Rules of Evidence 801, 802, 901; Northern District Civil Local Rule 7-5. |
| On February 5, 2007, Ms. McManigal accepted the Agreement electronically through the Schwab webpage.<br><br>Heileman Decl. ¶ 3. | Fed. Rules of Evidence 801, 801, 901. Heileman's declaration provides no competent evidence to support this contention, which is inadmissible hearsay and lacks foundation.<br><br>To the extent that this contention is offered to support defendants' contention that Ms. McManigal received and/or agreed to an arbitration agreement, it lacks authenticity, foundation or reliability as required by Rules 1001 and 1002 of the Federal Rules of Evidence, California Civil Code Section 1633.9 and Northern District Civil Local Rule 7-5. Fed. Rules of Evidence 801, 802, 901; Northern District Civil Local Rule 7-5. |
| Attached hereto as Exhibit 2 is a true and correct copy of a report from Charles Schwab showing the date and time that Ms. Manigal accepted the Agreement.<br><br>Heileman Decl. ¶ 3. | Fed. Rules of Evidence 801, 801, 901. Heileman's declaration provides no competent evidence to support this contention, which is inadmissible hearsay and lacks foundation.<br><br>To the extent that this contention is offered to support defendants' contention that Ms. McManigal received and/or agreed to an arbitration agreement, it lacks authenticity, foundation or reliability as required by Rules 1001 and 1002 of the Federal Rules of Evidence, California Civil Code Section 1633.9 and Northern District Civil Local Rule 7-5. Fed. Rules of Evidence 801, 802, 901; Northern District Civil Local Rule 7-5. |
| Medicis also offered, and Mr. McManigal accepted, a Stock Option Agreement that included an agreement to arbitrate claims.<br><br>Heileman Decl. ¶ 4. | Fed. Rules of Evidence 801, 801, 901. Heileman's declaration provides no competent evidence to support this contention, which is inadmissible hearsay and lacks foundation.<br><br>To the extent that this contention is offered to |

| | |
|---|---|
| | support defendants' contention that Ms. McManigal received and/or agreed to an arbitration agreement, it lacks authenticity, foundation or reliability as required by Rules 1001 and 1002 of the Federal Rules of Evidence, California Civil Code Section 1633,9 and Northern District Civil Local Rule 7-5. Fed. Rules of Evidence 801, 802, 901; Northern District Civil Local Rule 7-5. |
| Attached hereto as Exhibit 3 is a true and correct copy of the Stock Option Agreement.<br><br>Heileman Decl. ¶ 4. | Fed. Rules of Evidence 801, 801, 901. Heileman's declaration provides no competent evidence to support this contention, which is inadmissible hearsay and lacks foundation.<br><br>To the extent that this contention is offered to support defendants' contention that Ms. McManigal received and/or agreed to an arbitration agreement, it lacks authenticity, foundation or reliability as required by Rules 1001 and 1002 of the Federal Rules of Evidence, California Civil Code Section 1633,9 and Northern District Civil Local Rule 7-5. Fed. Rules of Evidence 801, 802, 901; Northern District Civil Local Rule 7-5. |

In light of the forgoing, plaintiff respectfully requests that the court sustain her objections and strike the evidence contained in the aforementioned paragraphs of Ms. Heileman's declaration.

DATED: February 7, 2008            Respectfully Submitted,

                                                    GONZALEZ & LEIGH, LLP


                                                    By   /s/G. Whitney Leigh
                                                         G. WHITNEY LEIGH
                                                         Attorneys for Plaintiff
                                                         KIMBERLEA MCMANIGAL