DAVID F. FAUSTMAN, State Bar No. 081862
CRISTINA K. OLIVELLA, State Bar No. 246156
FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, California 94104
Tel: 415-364-5540
Fax: 415-391-4436
dfaustman@foxrothschild.com
colivella@foxrothschild.com

Attorneys for Defendants
MEDICIS PHARMACEUTICAL CORPORATION and
ROBERT NEVIN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEA MCMANIGAL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MEDICIS PHARMACEUTICAL CORPORATION, a Delaware corporation, ROBERT NEVIN, an individual,<br><br>Defendants. | Case No. 3:07-cv-04874 TEH<br><br>**REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING ARBITRATION AND DISMISSING THE ACTION, OR ALTERNATIVELY, STAYING ACTION**<br><br>Date: February 25, 2008<br>Time: 10:00 a.m.<br>Courtroom: 12, 19th Floor<br><br>Complaint filed: July 23, 2007 |

FOX ROTHSCHILD LLP
235 PINE STREET
SUITE 1500
SAN FRANCISCO, CA 94104

REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING ARBITRATION
WC1 22814v2 02/11/08

## I. INTRODUCTION

A contract was formed between McManigal and Medicis for the receipt of Company stock. It is undisputed that McManigal received stock pursuant to that agreement. This contract included an Arbitration Provision which should be given effect here because its terms encompass the claims set forth in McManigal's complaint for damages. McManigal's attempt to disavow any knowledge of such a contract is belied by the fact that she received the benefit of it. Her alternative assertion that the costs clause and venue clause are so "unconscionable" as to render the entire Arbitration Provision unenforceable flies in the face of California law. McManigal has presented no reason not to sever the costs and venue provisions. Further, the Company offered to waive the costs clause and venue clause. Defendants therefore request that the Court enter an order compelling Plaintiff to submit her claims to arbitration pursuant to the Arbitration Provision and dismiss this action without prejudice.

## II. THE AGREEMENT TO ARBITRATE IS VALID.

The Court's inquiry is limited to determining: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Plaintiff does not contest that the Arbitration Provision encompasses the dispute at issue. Thus, the only issue before this Court is whether a valid agreement to arbitrate exists.

### A. McManigal Consented To The Agreement To Arbitrate.

Under California law, the essential elements of a contract are: parties capable of contracting; the parties' consent; a lawful object; and sufficient cause or consideration. Cal. Civ. Code § 1550. Consent can be communicated with effect, by some act or omission of the party contracting, by which he or she intends to communicate it, or which necessarily tends to indicate such communication. Cal. Civ. Code § 1581. The existence of mutual assent is measured by objective criteria, not by one party's subjective intent. *Marin Storage & Trucking, Inc. v. Benco Contracting & Engineering, Inc.* (2001) 89 Cal.App.4th 1042, 1050. The test is whether a reasonable person would, based on the conduct of the parties, conclude that there was mutual agreement. *Id.* Under the FAA, an arbitration agreement, in particular, need not be signed to be

2
REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING ARBITRATION
WC1 22814v2 02/11/08

FOX ROTHSCHILD LLP
235 PINE STREET
SUITE 1500
SAN FRANCISCO, CA 94104

1  enforceable. *See, e.g., Seawright v. American General Fin. Servs.*, 507 F.3d 967, 978 (6th Cir.
2  2007) ("[U]nlike contracts that fall under the Statute of Frauds, arbitration agreements under the
3  FAA need to be written, but not necessarily *signed*.").
4      Paragraph 1 of the Restricted Stock Agreement between McManigal and Medicis states
5  that Medicis granted 150 shares of Restricted Stock to the grantee, McManigal, on February 7,
6  2006. (Exhibit 1 to Declaration of Debi Heileman submitted in support of motion to compel
7  arbitration ("Heileman Decl.")). Company documents indicate that McManigal electronically
8  accepted this restricted stock award on February 5, 2007. (Exhibit 2 to Heileman Decl.).
9  Additionally, a document in Plaintiff's possession states that she was granted 150 shares of
10 restricted stock on February 7, 2006. (Exhibit 1 to Declaration of David Faustman ("Faustman
11 Decl.")). California and federal law allow parties to consent to contracts electronically.
12 15 U.S.C. § 7001; Cal. Civ. Code § 1633.7(b). One who accepts an instrument which on its face
13 is a contract is deemed to assent to all its terms. *See Marin Storage & Trucking, Inc.*, 89
14 Cal.App.4th at 149. A party cannot avoid the terms of a contract on the ground that he or she
15 failed to read it before signing. *Id.* Thus, McManigal is bound to the Arbitration Provision
16 because she assented to its terms. How else would she have received the stock?
17     McManigal incorrectly suggests that her electronic signature is not valid because "clicking
18 a keystroke on a computer does not form a contract if the offer did not clearly signify that this act
19 constitutes consent.." (Opposition, p. 3). The case cited to for this proposition, *Windsor Mills,
20 Inc. v. Collins & Aikman Corp.*, 25 Cal.App.3d 987 (1972), however, has nothing to do with
21 electronic consent. Rather, *Windsor* concerns a buyer-seller agreement wherein the offeree was
22 not bound by an inconspicuous arbitration provision of which he was unaware, and which was
23 contained in a document whose contractual nature was not obvious. *Windsor* applies only when
24 the writing in question does not appear to be a contract and where the terms are not called to the
25 attention of the recipient. *Marin Storage & Trucking, Inc.*, 89 Cal.App.4th at 1050. This is not
26 the situation here. The stock agreement is contractual on its face, and the arbitration provisions
27 are quite conspicuous.
28     As an alternative to Plaintiff's arguments as to why her electronic signature should be of

3
REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING ARBITRATION
WC1 22814v2 02/11/08

FOX ROTHSCHILD LLP
235 PINE STREET
SUITE 1500
SAN FRANCISCO, CA 94104

no effect. McManigal wants this Court to believe that she never saw the agreement. She asserts that she did not enter into any agreement with Medicis for an award of stock or stock options, let alone the Arbitration Provision. (Declaration of Kimberlea McManigal, ¶¶ 3-5). It is curious, however, that she does not dispute that she received stock from Medicis. In fact, her Rule 26 initial disclosures contain a document wherein it states that she was granted 150 Shares of Restricted Stock on February 7, 2006. (Exhibit 1 to Faustman Decl.). The stock award agreement specifically mentions the same 150 shares. (Exhibit 1 to Heileman Decl., ¶ 1). An offeree who does not know all the terms of the offer may be held to have accepted the, by his conduct, "whatever terms the offer contains." *Windsor Mills, Inc.*, 25 Cal.App.3d at 992.

Medicis offered McManigal an award of restricted stock under Medicis's Stock Incentive Plan. McManigal accepted the Agreement electronically through the Charles Schwab website. McManigal received the stock. In consideration of the terms and conditions set forth in the Agreement, including Medicis's grant of the restricted stock award to McManigal, both parties voluntarily promised and agreed to arbitrate any and all claims and disputes involving Plaintiff's employment. This mutual promise has been held to be adequate consideration under both state and federal law. *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002); *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 120. Thus, a valid agreement to arbitrate exists between the parties.

### B. The Arbitration Provision Is Enforceable.

The California Supreme Court identifies five issues in determining the enforceability of arbitration clauses: discovery, adequate remedies, written findings, cost-sharing and neutrality. *Armendariz*, 24 Cal.4th at 102. These issues concern "neither the validity of the arbitration clause, nor its applicability to the underlying dispute between the parties." *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). Rather, these factors are issues of contract interpretation and arbitration procedures best suited for arbitrators, not courts, to consider. *Id.* at 452-53. Nonetheless, if the Court chooses to apply these factors here, this Arbitration Provision is enforceable.

McManigal's sole argument against enforcing this Provision is that it requires her to bear

4

FOX ROTHSCHILD LLP
235 PINE STREET
SUITE 1500
SAN FRANCISCO, CA 94104

REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING ARBITRATION
WC1 22814v2 02/11/08

costs in excess of what is allowed under *Armendariz*. Defense counsel offered to waive such costs several months ago when it initially requested that McManigal agree to arbitrate this matter. The parties are allowed to cure procedural defects in an agreement to arbitrate. Further, California law allows courts to sever such an "unconscionable" provision. *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 895 (9th Cir. 2002); *Armendariz*, 24 Cal.4th at 121-124. So long as the entire agreement is not "permeated with unconscionability," unfair provisions may appropriately be severed. *Lucas v. Gund, Inc.*, 450 F. Supp. 2d 1125, 1134 (C.D. Cal. 2006). Any and all provisions which force McManigal to bear excessive costs may be severed because they are collateral to the contract's main purpose. *See Adams, supra*, 279 F.3d at 895 (An unfair provision may be severed if it is collateral to the contract's main purpose). Defendants have already agreed to do so.

McManigal does not assert that the central purpose of the arbitration provision is tainted with illegality. She does not argue that the Provision is one-sided, or that it is so substantively unconscionable that no single provision may be stricken in order to remove the "unconscionable taint" from the Arbitration Provision. Plaintiff does not even respond to Defendants request to sever the offending clauses. Instead Plaintiff relies on *Armendariz* for the notion that the imposition of arbitration fees are grounds for invalidating the entire Agreement. (Opposition, p. 8). The *Armendariz* Court, however, ultimately found that "unconscionable" provisions could be severed from an arbitration agreement if they were collateral to the main purpose of the contract, and so long as the agreement was not "permeated by unconscionability." *Armendariz*, 24 Cal.4th at 121-124. This reasoning is applicable here so that the costs and venue clauses may be severed to enforce the remainder of the valid and enforceable Arbitration Provision. Defendants have already stipulated that they would waive these clauses.

Plaintiff fails to show why severance is not appropriate here. The existence of the cost-sharing and venue clauses is not fatal to the Arbitration Provision because they are not central to the Provision. *See, e.g., Lucas, supra,* 450 F. Supp. 2d at 1133 (enforcing an arbitration agreement, but severing both an unconscionable costs provision and venue provision); *McManus v. CIBC World Markets Corp.* (2003) 109 Cal.4th 76, 102 ("[T]he unconscionable provision

5
REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING ARBITRATION
WC1 22814v2 02/11/08

FOX ROTHSCHILD LLP
235 PINE STREET
SUITE 1500
SAN FRANCISCO, CA 94104

1  requiring payment of the fees can be severed from the arbitration agreements."). The fee and
2  venue clauses in this matter can be severed from the Provision without rendering the entire
3  agreement unenforceable. The Arbitration Provision is not "permeated with unconscionability"
4  due to their inclusion. Thus, the Court should simply sever the "unfair" clauses (as Defendants
5  have already offered to do), and allow the remainder of the Arbitration Provision to be enforced.

      **C.    The Evidence of Acceptance Is Competent And Admissible.**

7        Defendants oppose Plaintiff's motion to strike the assertions made in Debi Heileman's
8  declaration in support of Medicis's motion to compel arbitration. The Court's inquiry here is
9  limited to determining whether a valid agreement to arbitrate exists. *See Chiron Corp., supra,*
10  207 F.3d at 1130. As the Stock Plan Administrator for Medicis, Heileman is an individual
11  competent to testify to McManigal's stock agreements with the Company. *See* Fed. Rule Ev. 901.
12  The stock agreements and the confirmation of McManigal's signature attached to Heileman's
13  declaration as Exhibits 1, 2 and 3 are ordinary business records, kept in the course of regularly
14  conducted business activity. *See* Fed. Rule Ev. 803(6). Under the Federal Rules of Evidence,
15  such documents are excluded from the definition of hearsay. Fed. Rule Ev. 803(6). Helieman's
16  declaration is competent and admissible to prove that an agreement to arbitrate exists.

17        Plaintiff's reasons as to why Heileman's statements should be stricken are conclusory.
18  McManigal has presented no legitimate reason as to why Heileman's statements are inadmissible.
19  As previously discussed, the Restricted Stock Agreement was accepted electronically. There is
20  no "best evidence" problem, as McManigal suggests, because the Restricted Stock Agreement
21  attached as Exhibit 1 to Helieman's declaration is a printout of the electronic form and should
22  thus be treated as the original document. *See* Fed Rule Ev. 1001(3) ("If data are stored in a
23  computer or similar device, any printout or other output readable by sight, shown to reflect the
24  data accurately, is an original."). Even if McManigal's electronic signature is stricken, the
25  agreement to arbitrate must still be enforced because lack of a signature does not bar enforcement
26  under FAA. *See Seawright, supra,* 507 F.3d at 978.

FOX ROTHSCHILD LLP
235 PINE STREET
SUITE 1500
SAN FRANCISCO, CA 94104

6
REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING ARBITRATION
WC1 22814v2 02/11/08

D. **This Action Should Be Dismissed, Or Alternatively, Stayed Pending Arbitration.**

The FAA requires a court to stay the trial of an action if it orders the matter to arbitration. 9 U.S.C. § 3. When all the claims involved in an action are arbitrable, the court may dismiss the action in lieu of staying it. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 636, 638 (9th Cir. 1988); In this case, all of McManigal's claims are subject to arbitration under the Provision. Thus, there is no purpose in the Court maintaining jurisdiction of this case, and it should be dismissed.

III. **CONCLUSION**

The Arbitration Provision is valid and enforceable. The "unconscionable" clauses of the Provision raised by McManigal are easily and appropriately severed. Defendants respectfully request that the Court enter an order compelling Plaintiff to submit her claims to arbitration pursuant to the Arbitration Provision, and dismiss, or alternatively, stay this action.

Dated: February 11, 2008         FOX ROTHSCHILD LLP


By: /s/ David F. Faustman
    DAVID F. FAUSTMAN
    Attorneys for Defendants
    MEDICIS PHARMACEUTICAL
    CORPORATION and ROBERT NEVIN

FOX ROTHSCHILD LLP
235 PINE STREET
SUITE 1500
SAN FRANCISCO, CA 94104

7
REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING ARBITRATION
WC1 22814v2 02/11/08

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action; my business address is: 235 Pine Street, Suite 1500, San Francisco, California 94104.

On February 11, 2008, I served the foregoing **REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING ARBITRATION AND DISMISSING THE ACTION, OR ALTERNATIVELY, STAYING ACTION** on the interested party in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

G. Whitney Leigh, Esq.
GONZALEZ & LEIGH LLP
Two Shaw Alley, Third Floor
San Francisco, California 94105

Juan Enrique Pearce, Esq.
PEARCE LAW OFFICES
530 Jackson Street, Second Floor
San Francisco, California 94113

[ x ]  **BY FIRST CLASS MAIL:** I caused said documents to be deposited in a facility regularly maintained by the United States Postal Service on the same day, in a sealed envelope, with postage paid, addressed to the above listed persons on whom it is being served in San Francisco, California for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 11th day of February 2008 at San Francisco, California.

/s/ Amie Morelli
Amie Morelli

FOX ROTHSCHILD LLP
235 PINE STREET
SUITE 1500
SAN FRANCISCO, CA 94104

WCI 22814v2 02/11/08

8
REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING ARBITRATION