1  G. WHITNEY LEIGH (SBN 153457)
   GONZALEZ & LEIGH LLP
2  Two Shaw Alley, Third Floor
   San Francisco, CA 94105
3  Telephone: (415) 512-2000
   Facsimile:  (415) 512-2001
4
   JUAN ENRIQUE PEARCE (SBN 236228)
5  PEARCE LAW OFFICES
   530 Jackson Street, Second Floor
6  San Francisco, CA 94133
   Telephone: (415) 434-9000
7  Facsimile:  (415) 434-9010

8  Attorneys for Plaintiff
   KIMBERLEA MCMANIGAL
9
   DAVID F. FAUSTMAN (SBN 81862)
10 FOX ROTHSCHILD
   235 Pine Street, Suite 1500
11 San Francisco, CA 94104
   Telephone: (415) 364-5540
12 Facsimilie: (415) 391-4436

13 Attorneys for Defendants
   MEDICIS PHARMACEUTICAL
14 CORPORATION and
   ROBERT NEVIN

15
                    UNITED STATES DISTRICT COURT
16
                    NORTHERN DISTRICT OF CALIFORNIA
17

18 KIMBERLEA MCMANIGAL, *et al.*,        Case No. C 07-04874 TEH
19                  Plaintiff(s),
                                          JOINT CASE MANAGEMENT
20      v.                                STATEMENT FEDERAL RULE 26(f)
                                          REPORT AND [PROPOSED] ORDER
21 MEDICIS PHARMACEUTICAL
   CORPORATION, a Delaware corporation,
22 *et al.*,

23                  Defendants.

24

25
        The parties to the above-entitled action jointly submit this Case Management Statement and
26
   Proposed Order and request the Court to adopt it as its Case Management Order in this case.
27
        1.   A brief description of the events underlying the action:
28

                                              1
   JOINT CASE MANAGEMENT STATEMENT                                    *McManigal v. Medicis*
   AND [PROPOSED] ORDER                                               Case No. C 07-04874 TEH

Plaintiff Kimberlea McManigal ("McManigal") alleges that she worked for Medicis Pharmaceutical Corporation, Inc. ("Medicis") as a Territory Manager beginning August 8, 2005. She further alleges that in January 2007, she announced her pregnancy and her intention to take maternity leave beginning on or around June 2007. Ms. McManigal also alleges that she was subjected to discriminatory and harassing comments based on her sex made by Medicis management, including her direct supervisor Robert Nevin ("Levin"). Ms. McManigal further alleges that she reported this treatment to the Human Resources Department at Medicis, but that no investigation took place.

Medicis denies Ms. McManigal's claims. Medicis further alleges that Ms. McManigal accepted an agreement to arbitrate employment disputes.

2. The principal factual issues which the parties dispute.

Ms. McManigal believes that the following factual contentions are in dispute:

a) Does Medicis have a policy or protocol regarding pregnant employees that disadvantages those employees in any manner?

b) What were the objective criteria used to measure Ms. McManigal's job performance?

c) What actions did Medicis take toward Ms. McManigal after she reported discriminatory and harassing behavior to Human Resources?

d) How did Medicis react when Ms. McManigal alleged to Human Resources that her direct supervisor Robert Nevin was discriminating and harassing her based on her sex?

e) What corrective action did Medicis take regarding Ms. McManigal's complaints of sex discrimination and harassment?

f) What were the circumstances surrounding Ms. McManigal's bonus pay after she informed Medicis of her pregnancy?

Medicis believes that the following factual contentions are in dispute:

g) Whether Ms. McManigal was subjected to any "harassment" or "discriminatory" treatment and whether Ms. McManigal suffered any damage therefrom.

3. The principal legal issues which the parties dispute.

Ms. McManigal believes that the following legal issues are in dispute:

a) Is Ms. McManigal required to arbitrate her claims based upon a mandatory arbitration

provision to a contract to which she never signed or otherwise entered into?

Medicis believes that the following legal issues are in dispute:

a) Is Ms. McManigal required to arbitrate her claims based upon a mandatory arbitration provision in a contract which was validly offered and accepted, and for which sufficient consideration was presented?

b) Does Ms. McManigal have a viable claim of sex discrimination against Medicis?

c) Does Ms. McManigal have a viable claim of harassment against Medicis or Nevin?

d) Does Ms. McManigal have a viable claim against Medicis for failure to take corrective action?

e) Does Ms. McManigal have a viable claim against Medicis or Nevin for intentional infliction of emotional distress?

f) Is Ms. McManigal entitled to damages or other relief?

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues: None.

5. The parties which have not been served and the reasons: None.

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder: None.

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial: Neither party.

**ALTERNATIVE DISPUTE RESOLUTION**

8. *[Please indicate (the appropriate response(s).)*

☐ The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by *(date)* _____.

☐ The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process)*; _____.

☐ The parties filed a Notice of Need for ADR Phone Conference.

| | | |
|---|---|---|
| 1 | ☒ | As stated in the previous case management statement, and as discussed with the Court during the last case management conference, the parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly [or a party separately requests] is an Early Neutral Evaluation. Defendants will file a petition for an order compelling arbitration and a motion to stay the action pending arbitration by January 14, 2008. |

## DISCLOSURES

9. The parties have exchanged initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## DISCOVERY

10. The parties agree to the following discovery plan:

| | |
|---|---|
| Expert Disclosures: | July 30, 2008 |
| Rebuttal Expert Disclosures: | August 20, 2008. |
| Fact discovery deadline: | August 31, 2008. |
| Expert Discovery Deadline: | September 30, 2008 |
| Dispositive motions: | to be filed by October 31, 2008 |

## TRIAL SCHEDULE

11. The parties ask that the Court schedule a pretrial conference thirty (30) days prior to the date trial is set to begin. The parties ask the Court to set the trial following the hearing on any dispositive motions, according to the Court's available schedule. Counsel and/or the parties are presently unavailable for trial during the following periods.

//
//
//
//
//
//

12. The parties expect that the trial will last for the following number of days: 7-10 days.

DATED: February 21, 2008

Respectfully Submitted,

GONZALEZ & LEIGH, LLP

By /s/G. Whitney Leigh
G. WHITNEY LEIGH
Attorneys for Plaintiff
KIMBERLEA MCMANIGAL

DATED: February 21, 2008

PEARCE LAW OFFICES

By /s/ Juan Enrique Pearce
Juan Enrique Pearce
Attorneys for Plaintiff
KIMBERLEA MCMANIGAL

DATED: February 21, 2008

FOX ROTHSCHILD

By /s/David F. Faustman
David F. Faustman
Attorneys for Defendants
MEDICIS PHARMACEUTICAL
CORPORATION AND ROBERT NEVIN

# [PROPOSED] CASE MANAGEMENT ORDER

On February 15, 2007, the parties appeared before the Court for a Case Management Conference. Based on the parties' Joint Case Management Statement, and the discussions held at the Case Management Conference,

IT IS HERE BY ORDERED that:

The discovery plan shall be as follows:

| | |
|---|---|
| Expert Disclosures: | July 30, 2008 |
| Rebuttal Expert Disclosures: | August 20, 2008. |
| Fact discovery deadline: | August 31, 2008. |
| Expert Discovery Deadline: | September 30, 2008 |
| Dispositive motions: | to be filed by October 31, 2008 |
| Trial Date: | _____ |

DATED: _____        _____
                                     HON. THELTON E. HENDERSON
                                     UNITED STATES DISTRICT COURT JUDGE