United States District Court
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6    KIMBERLEA MCMANIGAL

         Plaintiff,                        No. C 07-4874 TEH

7         v.                               ORDER FOR PRETRIAL
                                           PREPARATION
8    MEDICIS PHARMACEUTICAL CORP., et al

9         Defendant.

10

11

12

13    Good cause appearing, IT IS HEREBY ORDERED that:

14

15    **1. TRIAL DATE.** Trial before the COURT/JURY will begin in Courtroom No. 12

16    on _APRIL 7, 2009_ at _8:30_ AM. If the Court advises all counsel that they must

17    be prepared to go to trial on a trailing basis, then the trial will begin as soon after the

18    scheduled date as possible. The trial shall last for an estimated _7_ trial days. The trial of

19    liability and damages issues SHALL/SHALL NOT be separate.

20

21    **2. PRETRIAL CONFERENCE.** The Court will hold a pretrial conference on

22    Monday, _MARCH 23 2009_ at 3:00 PM. **Counsel who intend to try the case must**

23    **attend the pretrial conference.**

24

25    **3. DISCOVERY.**

26    **(a) Discovery Cutoff.** All discovery, except for depositions of expert witnesses,

27    shall be **completed** on or before _DEC. 22, 2008_. All depositions of expert

28    witnesses shall be taken on or before 21 calendar days before the scheduled trial date.

**United States District Court**
For the Northern District of California

1    **(b)  Disclosures Regarding Expert Witnesses.**        Plaintiffs shall comply with

2    Federal Rule of Civil Procedure 26(a)(2)(A) (i.e., disclose the identity of any person who

3    may be used at trial to present expert testimony) no later than _45_ calendar days before the

4    pretrial conference.   Defendants shall disclose the identity of their expert witnesses no later

5    than _30_ calendar days before the pretrial conference.  Failure to comply with these

6    deadlines will prevent a witness from testifying as an expert.

7        The parties shall comply with all of the disclosures required by Federal Rule of Civil

8    Procedure 26(a)(2)(B) (regarding expert reports, qualifications, compensation, etc.) no later

9    than 10 calendar days before the pretrial conference.

10

11    **(c)  Discovery Disputes.**  Unless otherwise ordered by the Court, all discovery matters

12    are hereby referred for assignment to a magistrate judge.  Please call the Courtroom Deputy

13    at (415) 522-2047 to obtain a random assignment to a specific Magistrate Judge before filing

14    any papers relating to discovery.

15

16    **4.  PRETRIAL MOTIONS (EXCEPT MOTIONS IN LIMINE).**

17        The parties should file pretrial motions to resolve any purely legal substantive issues.

18    Such issues may **not** be resolved by motions in limine (see page 6, paragraph 6(a)).  **Any**

19    **party that attempts to resolve a purely legal substantive issue by a motion in limine, or**

20    **by any motion filed after the deadline below, may expect the imposition of substantial**

21    **sanctions for failure to comply with this order.**

22        All pretrial motions, except motions in limine, shall be heard no later than 45 calendar

23    days before the scheduled trial date.  Accordingly, all such motions must be <u>noticed for</u>

24    <u>hearing</u> no later than Monday, _FEB 9, 2009_.  They must be <u>filed</u> at least 35 days in

25    advance of the hearing date, or no later than Monday, _JAN 5 2009_.  Civ. L.R. 7-2(a).

26

27

28

United States District Court
For the Northern District of California

1  **5. PRETRIAL CONFERENCE STATEMENT.**

2  **(a) Required Meeting and Disclosure Prior to Pretrial Conference.** Lead counsel

3  who will try the case shall meet and confer on or before *FEB 20, 2009* (at least 30

4  calendar days before the pretrial conference). At that time, they shall discuss:

5  **(1)** Prospects for settling the action;

6  **(2)** The preparation and content of the joint pretrial conference statement;

7  **(3)** The preparation and exchange of pretrial materials to be served and lodged

8  with the Court; and

9  **(4)** Resolution of any differences between the parties regarding items (2) and

10  (3) above. To the extent such differences are not resolved, the parties must present the issues

11  in the joint pretrial conference statement so that the Judge may rule on the disputes at the

12  pretrial conference.

13  Within one week after meeting and conferring, the parties shall file a joint statement,

14  signed by all counsel, stating that they have met and conferred on the above issues.

15

16  **(b) Joint Pretrial Conference Statement.** The parties shall file a joint pretrial

17  conference statement no later than 10 calendar days before the pretrial conference. If the

18  parties disagree over the wording of the statement, each party may state its position in its own

19  words. All parties or their counsel must sign the statement, which the Court anticipates will

20  be confirmed as the Pretrial Order. The statement shall contain the following information:

21  **(1) The Action.**

22  **(A) Substance of the Action.** A brief description of the substance of

23  claims and defenses that remain to be decided.

24  **(B) Relief Prayed.** A detailed statement of the relief claimed,

25  including an itemization of all claimed damages, along with a list of witnesses, documents, or

26  other evidentiary material to be presented on the amount of damages.

27

28

**United States District Court**
For the Northern District of California

1

2      **(2)  The Factual Basis of the Action.**

3          **(A)  Undisputed Facts.**  A plain and concise statement of all relevant

4  facts not reasonably disputable.  This should include a statement of facts which the parties

   stipulate may be incorporated into the trial record without supporting testimony or exhibits.

5          **(B)  Disputed Factual Issues.**  A plain and concise statement of all

6  disputed factual issues that remain to be decided.

7          **(C)  Agreed Statement.**  A statement assessing whether all or part of

8  the action may be presented upon an agreed statement of facts.

9          **(D)  Stipulations.**  A statement of stipulations requested or proposed for

10  pretrial or trial purposes.

11

12      **(3)  Trial Preparation.**

13          **(A)  Estimate of Trial Time.**  An estimate of the number of court days

14  needed for the presentation of each party's case, indicating possible reductions in time

15  through proposed stipulations, agreed statements of facts, or expedited means of presenting

16  testimony and exhibits.

17          **(B)  Witnesses to be Called.**  A list of all witnesses likely to be called at

18  trial, other than solely for impeachment or rebuttal, together with a brief statement following

19  each name describing the substance of the testimony to be given.  This witness list shall

20  satisfy the requirements of Federal Rule of Civil Procedure 26(a)(3)(A).  Parties must

21  indicate any objections to the use of the listed witnesses and shall certify that counsel have

22  met and conferred regarding such objections.

23          **(C)  Use of Discovery Responses.**  A list of evidence that may be

24  presented at trial, other than solely for impeachment or rebuttal, through use of excerpts from

25  depositions, interrogatory answers, or responses to requests for admission.  This list shall

26  satisfy the requirements of Federal Rule of Civil Procedure 26(a)(3)(B).  Parties must

27  indicate any objections to use of these materials and shall certify that counsel have met and

28  conferred regarding such objections.

TEH Order for Pretrial Preparation             4             (Rev. 04/02)

1  **(D) Exhibits, Schedules, and Summaries.** A list of all documents and
2  other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal,
3  with a brief statement following each item describing its substance or purpose and the
4  identity of its sponsoring witness. This exhibit list shall satisfy the requirements of Federal
5  Rule of Civil Procedure 26(a)(3)(C). Parties must indicate any objections to the receipt in
6  evidence of the listed exhibits and shall certify that counsel have met and conferred regarding
7  such objections.

8  **(E) Further Discovery or Motions.** A statement of all outstanding
9  discovery or motions, including motions in limine.

10

11  **(4) Trial Alternatives and Options.**

12  **(A) Settlement Discussion.** A statement summarizing the status of
13  settlement negotiations and indicating whether further negotiations are likely to be
14  productive.

15  **(B) Consent to Trial Before a Magistrate Judge.** A statement
16  explaining whether reference of all or part of the action to a special master or magistrate
17  judge is feasible, including whether the parties consent to a court or jury trial before a
18  magistrate judge with appeal directly to the Ninth Circuit.

19  **(C) Amendments or Dismissals.** A statement of requested or proposed
20  amendments to pleadings or dismissals of parties, claims, or defenses.

21  **(D) Bifurcation of Issues.** A statement of whether bifurcation (i.e.,
22  separate trials) of specific issues is feasible and desired.

23

24  **(5) Miscellaneous.** Any other subjects relevant to the just, speedy, and
25  inexpensive resolution of this action.

26
27
28

United States District Court
For the Northern District of California

(c) **Pretrial Order.** The Court may, as appropriate, make pretrial orders at or following the pretrial conference. Such orders shall control the subsequent course of the action as provided in Federal Rule of Civil Procedure 16.

6. **TRIAL PREPARATION DEADLINES.**

(a) **Motions in Limine.** The only appropriate purpose for a motion in limine is to obtain, in advance of trial, an evidentiary ruling on the admissibility of a specific piece of evidence. Unless otherwise allowed by the Court, all motions in limine shall be filed no later than 21 calendar days before the scheduled trial date, and written opposition to such motions shall be filed no later than 14 calendar days before the trial date. **All motions in limine must be accompanied by a declaration stating that counsel have met and conferred in good faith regarding the motions prior to their filing, and that the parties are unable to resolve informally any remaining disputes.**

(b) **Exhibits.** Two sets of all exhibits to be offered at trial, together with a list of exhibits, shall be lodged with the Court no later than 7 calendar days before the scheduled trial date. Exhibits shall be pre-marked in accordance with the attached forms.

(c) **Objections to Evidence.** Counsel shall meet and confer with respect to any evidentiary objections in advance of the pretrial conference. They shall advise the Court at the pretrial conference if any objections contained in their joint pretrial conference statement have been subsequently resolved.

(d) **Jury Instructions.** If a jury trial has been demanded, the parties shall meet and confer to discuss proposed jury instructions. No later than 10 calendar days before the pretrial conference, the parties shall lodge with the Court two complete sets of proposed jury instructions upon which they have agreed, excluding all standard instructions regarding the role of jurors, organization of the jury, communication with the Court, etc. (The Court

1  utilizes its own set of "standard instructions.") The proposed jury instructions must be
2  accompanied by a declaration stating that the parties have met and conferred in good faith in
3  an attempt to agree upon as many jury instructions as possible.

4          If the parties cannot agree on all proposed jury instructions, each party shall
5  also lodge with the Court, no later than 10 days before the pretrial conference, two complete
6  sets of proposed jury instructions upon which any other party does not agree, along with a
7  copy of such instructions on disk in WordPerfect or WordPerfect-compatible format. For
8  each disputed instruction, the party shall indicate the corresponding instruction(s), if any,
9  being lodged by other parties. The parties shall file written objections to each disputed
10  instruction no later than 7 calendar days before the scheduled trial date.

11          All proposed jury instructions shall be concise and free from argument; cover
12  only one subject to be indicated in the caption; show the identity of the offering party; be
13  typewritten out in full on a separate page or pages; be consecutively numbered; and set forth
14  specific citations to supporting authority. Case citations must include pinpoint citations to
15  the exact page or pages that support the proposed instruction.

16

17          **(e) Voir Dire.** If a jury trial has been demanded, the parties may, at their
18  option, submit proposed questions for voir dire. Any such questions must be submitted to the
19  Court no later than 10 calendar days before the pretrial conference.

20

21          **(f) Special Verdict Forms.** If a jury trial has been demanded, the parties shall
22  meet and confer to discuss any desired special verdict forms. The parties shall follow the
23  procedure outlined in paragraph 6(d) in submitting their proposed verdict forms.

24

25          **7. CITATIONS.** In all motion papers and jury instructions, all United States
26  Supreme Court citations shall be to both the official reporter and the West Supreme Court
27  Reporter, where such citations are available. Similarly, all California state court citations
28  shall be to both the official reporter and the West California Reporter, where such citations

United States District Court
For the Northern District of California

TEH Order for Pretrial Preparation        7        (Rev. 04/02)

1  are available.  Finally, all citations to decisions of state courts outside of California shall be

2  to both the official reporter of that state and to the West Regional Reporter, where such

3  citations are available.

5      **8. TRANSCRIPTS.**  If a daily transcript will be requested, arrangements must be

6  made with the Courtroom Deputy at least one week before the scheduled trial date.

8      **9. SETTLEMENT CONFERENCE.**  The parties SHALL/SHALL NOT arrange for

9  a mandatory settlement conference before Magistrate Judge _____ of this Court.

10  This conference shall be scheduled to take place no later than 5 calendar days before the

11  pretrial conference.

13      **10. FURTHER CASE MANAGEMENT CONFERENCE.**  A further case

14  management conference will be held on Monday, _____N/A_____ at 1:30 PM.

16      **11. PROCEDURE FOR AMENDING THIS ORDER.**  No provision of this order

17  may be changed except by written order of this Court.  The Court may enter such an order

18  upon its own motion or upon motion of one or more of the parties.  The parties must make

19  any such motion in accordance with the Civil Local Rules and with a demonstration of very

20  good cause.  The mere fact that the parties have stipulated to a change does not constitute

21  good cause, nor does a conflict with a court date set after the date of this order.

23  **IT IS SO ORDERED.**

25  DATED  8/18/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

United States District Court
For the Northern District of California

The parties request the Court to make the foregoing order.

Attorney(s) for Plaintiff(s):                 Attorney(s) for Defendant(s):

_____         _____
JUAN ENRIQUE PEARCE                              Stacey Lee

_____         _____

_____         _____

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASE NO. C    -          TEH                    DATE:

_____ v. _____

EXHIBIT LIST

(    ) Plaintiff                              (    ) Defendant

| EXHIBIT NUMBER | MARKED | ADMITTED | DESCRIPTION OF EXHIBIT |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

TEH Order for Pretrial Preparation                    10                    (Rev. 04/02)

1

2   Case No. _____         Case No. _____

3   **PLTF** Exhibit No. _____1_____         **DEFT** Exhibit No. _____A_____

    Date Entered _____         Date Entered _____
4
    Signature _____         Signature _____
5

6   Case No. _____         Case No. _____

7   **PLTF** Exhibit No. _____2_____         **DEFT** Exhibit No. _____B_____

8   Date Entered _____         Date Entered _____

    Signature _____         Signature _____
9

10  Case No. _____         Case No. _____

11  **PLTF** Exhibit No. _____3_____         **DEFT** Exhibit No. _____C_____

12  Date Entered _____         Date Entered _____

13  Signature _____         Signature _____

14  Case No. _____         Case No. _____

15  **PLTF** Exhibit No. _____4_____         **DEFT** Exhibit No. _____D_____

16  Date Entered _____         Date Entered _____

17  Signature _____         Signature _____

18
    Case No. _____         Case No. _____
19
    **PLTF** Exhibit No. _____5_____         **DEFT** Exhibit No. _____E_____
20
    Date Entered _____         Date Entered _____
21
    Signature _____         Signature _____
22

23  Case No. _____         Case No. _____

24  **PLTF** Exhibit No. _____6_____         **DEFT** Exhibit No. _____F_____

25  Date Entered _____         Date Entered _____

    Signature _____         Signature _____
26

27

28

TEH Order for Pretrial Preparation                    11                    (Rev. 04/02)